# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA THOMPSON, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. CIV 13-099-RAW-KEW<br>) |
| SHARON McCOY, Warden, | )<br>)<br>) |
| Respondent. | ) |

**FILED MAR 25 2014 PATRICK KEANEY Clerk, U.S. District Court**

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Kate Barnard Community Corrections Center in Oklahoma City, Oklahoma, is challenging the execution of her sentence. She alleges she wrongfully lost good time credits, which extended her sentence.

Petitioner specifically alleges the parole officer who investigated and arrested her had a vendetta against her. She claims the arresting officer lied about her misdemeanors, and he had the governor revoke her parole, because he did not want her out of the system. Petitioner also asserts the time remaining on her sentence has been miscalculated.

The respondent alleges petitioner has failed to exhaust the administrative and state judicial remedies for her claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his

action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). Petitioner has not filed a response to the motion.

The record shows that petitioner's parole was revoked on October 8, 2012, and she has not filed any grievances or made any other attempts to exhaust Oklahoma's grievance procedure for her claims. (Docket Nos. 12-3, 12-4). In addition to the administrative remedies, petitioner has the state judicial remedy of habeas corpus, pursuant to Okla. Stat. tit. 12 § 1331. Again, the record shows petitioner has not pursued this remedy (Docket No. 12-5).

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 12) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative and state judicial remedies.

**IT IS SO ORDERED** this 25th day of March 2014.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**